## BONIFIELD v
## NEW YORK LIFE INS CO et

Ohio Appeals, 2nd Dist, Franklin Co

No 2629.   Decided Nov 10, 1936

Ray W. Poppleton, Columbus, Attorney for New York Life Insurance Co., for the motions.

D. D. TouVelle, Columbus, and Chalmers W. Parker, Columbus, attorneys for plaintiff in error, contra the motions.

### OPINION

#### By THE COURT

Submitted on two motions of defendant in error, The New York Life Insurance Company, the first for an order dismissing the petition in error for the reason that "said Charles L. Bonifield now has no interest in the subject matter of this action as assignee or otherwise; that the plaintiff in error has no legal capacity to maintain this action." (2)  To strike from the record an affidavit and transcript of testimony attached thereto marked "Movant's Exhibit No. 1," all of which was filed in this Court October 23, 1936, on behalf of the plaintiff in error.

Attached to the first motion is an affidavit of C. P. McClelland, Judge of the Probate Court, Franklin County, Ohio, and ex-officio clerk of said court, to the effect that an entry, certified copy of which is attached and made a part of the affidavit, is "duly of record in his said court, unreversed and unmodified; and that Charles L. Bonifield is not the duly appointed, qualified and acting assignee of the creditors of J. Arthur Sperry and has no authority whatever to act as such assignee." The entry attached to the affidavit showing that it was filed in the Probate Court of date April 20, 1936, discloses that upon motions of the plaintiff in error and others the court "ordered and adjudged that the former order of this court appointing and qualifying Charles L. Bonifield as assignee for the creditors of J. Arthur Sperry be and the same hereby is vacated and set aside for naught."

It is the claim of counsel for the de-

fendant in error that the motion in the light of the supporting facts as found in the affidavit and certified entry appended thereto should be sustained because it appears that at the time that the motion was interposed in this court Charles L. Bonifield had not the capacity to maintain the action as a party plaintiff in error because of his removal as such assignee by order of the Probate Court.

We are agreed that Bonifield can not maintain this action in this court as assignee for the benefit of the creditors of J. Arthur Sperry and the cause can not go forward here unless and until there has been substituted a party plaintiff duly qualified under the statute.

Sec 11095, GC, provides:

"An assignee, or trustee appointed by the court, who has qualified, with its consent, may resign his trust. In case of the death, removal or resignation of a sole assignee or trustee, the court shall appoint one or more trustees in his place; * * *."

It will be observed that this section contemplates that if an assignee be removed a trustee shall be named in his stead. If this provision of the section is observed there will be a trustee who could be substituted as party plaintiff in error who would be qualified to go forward in that capacity. Unless and until it appears that no such trustee has been or is in probability to be named by the Probate Judge, we would not dismiss the proceedings in error. The first motion may then at this time be overruled. It may become timely at a later date. If so, it will then be entertained.

Coming to the second motion we know of no procedural authority for consideration of the affidavit and particularly the testimony attached thereto, all of which relates to the hearing upon the motions in the Probate Court to remove the assignee.

There is no question about the jurisdictional right of the Probate Court to remove the assignee, (§11098 GC) and whether or not the evidence supported the action cannot be considered collaterally in the instant proceedings in error.

The second motion will therefore be sustained.

